## (May 18, 1972)

■ CAROLYN DUBE, Respondent, v. MANUFACTURERS HANOVER TRUST COMPANY, Appellant.—Order, Supreme Court, Bronx County, entered January 25, 1972, denying defendant's motion for summary judgment dismissing the complaint and granting plaintiff's cross motion to strike defendant's defense of collateral estoppel, unanimously reversed, on the law, defendant's motion granted and the complaint dismissed and plaintiff's cross motion denied. Appellant shall recover of respondent $50 costs and disbursements of this appeal. Manhattan Mortgagee Corp., a mortgage lending corporation, gave a check for $25,797.50 dated December 10, 1968, payable to the plaintiff and representing her share in mortgage proceeds. Plaintiff is the daughter of the president of the corporation. She did not present the check for payment to the defendant bank until January 13, 1969, the date on which a petition for Chapter XI under the Bankruptcy Act was filed for the corporation and its related companies, all of which were subsequently declared bankrupt. The defendant bank under certain guarantees exercised its right of setoff against the balance in the corporation's account, and as a result there were no funds to cover the plaintiff's check. Plaintiff contends that the underlying arrangement for participation in the mortgages constituted a trust, and therefore the proceeds to cover the check held that same character and could not be retained by the bank in its setoff. Plaintiff further contends that the Federal court in connection with the bankruptcy allowed the plaintiff to pursue any claim against the bank, and therefore there could be no collateral estoppel. In opposition to defendant's motion for summary judgment, plaintiff contends that there are issues regarding privity and whether the bank had actually taken over control of the corporation prior to the bankruptcy. Referee Ryan in the bankruptcy court determined that the plaintiff was a general creditor, and this was confirmed by Judge Metzner. The fact that Judge Metzner added: " The Bank was not a party to these proceedings and any attempt to adjudicate the rights of the petitioner and the Bank as to funds in the latter's hands is for another forum " does not change the underlying determination. Furthermore, it would seem that if there were any claim with respect to the setoff by the bank, it belonged to the bankrupt estate on behalf of all creditors and not just the plaintiff. The check,

as such, merely indicated a debtor-creditor relationship subject to the bank's prior rights under its arrangements for setoff. (Uniform Commercial Code, § 3–409, subd. [1]; *Garden Check Cashing Serv.* v. *First Nat. Bank,* 25 A D 2d 137, affd. on opn. below 18 N Y 2d 941.) Plaintiff's delay in depositing the check was her own doing, and no facts are set forth to show any issue with respect thereto. Concur — Markewich, J. P., Nunez, Kupferman, Murphy and McNally, JJ.